**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP. and PUERTAS Y VENTANAS, JM, INC., <br><br>                           *Plaintiffs,* <br><br> v. <br><br> UNITED STATES, <br><br>                           *Defendant.* | Court No. 22-00076 |

## COMPLAINT

Plaintiffs, Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas, JM. Inc., by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.     This action seeks judicial review of the final results of the U.S. Department of Commerce's ("Commerce") administrative review of the countervailing duty order on aluminum extrusions from the People's Republic of China, Case no. C-570-968.  The contested decision was issued on February 2, 2022 and published in the Federal Register on February 8, 2022.  *Aluminum Extrusions from the People's Republic of China:  Final Results of Countervailing Duty Administrative Review and Recission of Review, In Part; 2019*, 87 Fed. Reg. 7423 (Dep't of Commerce, February 9, 2022)("Final Results"); *see* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance re: *Issues and Decision Memorandum for Final Results of Countervailing Duty Administrative Review, 2019:  Aluminum Extrusions from*

*the People's Republic of China, 2019* (February 2, 2022)("I&D Memorandum," cited in 87 Fed.

Reg. at 7423 n.10). The challenged review covers entries made from January 1, 2019 to December

31, 2019.

## JURISDICTION

2.      Plaintiffs bring this action pursuant to the Tariff Act of 1930, as amended (the

"Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. §§1516a(a)(2)(A)(i)(I) and

(B)(iii).

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1581(c) and 19 U.S.C.

§1516a(a)(2).

## STANDARD OF REVIEW

4.      The standard of review, as set forth in 19 U.S.C.§1516a(b)(1), is whether the

determinations, findings or conclusions of Commerce were "unsupported by substantial evidence

on the record, or otherwise not in accordance with law."

## STANDING

5.      Plaintiffs purchased and imported the subject merchandise from Kingtom Aluminio

SRL in the Dominican Republic.  They were parties to the proceeding that led to the contested

determination and are interested parties pursuant to 19 U.S.C. §1677(9)(A) and participated though

written argument. Thus, plaintiffs have standing to bring this action under 28 U.S.C. §2631(c).

## TIMELINESS OF ACTION

6.      Plaintiffs commenced this action by filing a Summons on March 10, 2022, within

30 days after Commerce's publication in the Federal Register of the final results being challenged

herein.  Plaintiffs file this Complaint within 30 days of their filing the Summons.  The Summons

and Complaint are, therefore, timely filed pursuant to 19 U.S.C. §1516a(2) and USCIT Rules 3(a)(2) and 6(a).

7.      Because Plaintiffs' Complaint is filed within the statutory prescribed time periods, this action is timely.

### STATEMENT OF FACTS

8.      On February 2, 2020, U.S. Customs and Border Protection ("CBP") notified certain importers of Kingtom's products that it had initiated an investigation pursuant to the Enforce and Protect Act ("EAPA") to determine whether the importers evaded countervailing duties imposed pursuant to the orders covering aluminum extrusions from the People's Republic of China ("EAPA Case No. 7348"). *See* Letter from the Aluminum Extrusions Fair Trade Committee to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Comments on Entry Information Related to Kingtom Aluminio SRL," at Exhibit 3 (June 24, 2021) (on record of Case No. C-570-968) ("Petitioner's Entry Information Comments"). At the time it notified the importers of EAPA Case No. 7348 on February 2, 2021, and without any notice to Kingtom or opportunity on the part of Kingtom or the importers to respond to allegations of evasion, CBP applied countervailing duties retroactively on all unliquidated entries and required countervailing duty cash deposits on all prospective entries of Kingtom's aluminum extrusions by the importers in that investigation. *Id.* Prior to February 2, 2020, Kingtom had no notice of any EAPA investigation regarding Kingtom's products and had no reason to have entries of its aluminum extrusions be declared as type 3 subject merchandise. Also, at the time, there had been no final affirmative determinations that any Kingtom aluminum extrusions were transshipped from China. CBP requested information from Kingtom in EAPA Case No. 7348, but Kingtom was not permitted to submit written arguments in that case because, unlike the importers under

investigation, Kingtom was not a party to that proceeding.  *Id.*; *see also* 19 C.F.R. § 165.1 (defining "parties to the {EAPA} investigation").

9.      On May 4, 2020, CBP notified certain other importers, including Plaintiffs, that it had initiated another EAPA investigation ("EAPA Case No. 7423") regarding Kingtom's aluminum extrusions, and applied countervailing duties to all such entries by the importers without any notice to Kingtom or prior notice to the importers.  *See* Petitioner's Entry Information Comments at Exhibit 1.  No information was requested from Kingtom in EAPA Case No. 7423 and Kingtom was not permitted to submit written arguments on the record of that case.  *See id.*

10.      Upon being notified of the EAPA investigations by the importers, not CBP, Kingtom requested an administrative review and thereby promptly informed Commerce that CBP may consider its merchandise to be covered merchandise pursuant to the antidumping and countervailing duty orders on *Aluminum Extrusions from China* ("Orders").  *See* Letter from Sandler, Travis and Rosenberg, P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, C-570-968: Request for Administrative Review" (May 29, 2020) ("Kingtom CVD Review Request").  In its request for administrative review, Kingtom noted that it refuted the alleged evasion and requested that Commerce postpone the review of Kingtom until a final decision had been made by CBP in the EAPA investigation.  *Id.*

11.      On July 10, 2020, Commerce initiated the 2019 administrative review of the countervailing duty order on aluminum extrusions from the People's Republic of China.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 41,540 (Dep't Commerce July 10, 2020) ("*Initiation Notice*").  In its *Initiation Notice*, Commerce noted its intent to select mandatory respondents based on volume data contained in quantity and value ("Q&V") questionnaires.  *Id.* at 41,541.

12.    On August 3, 2020, Commerce placed CBP data query results for entries during the period of review onto the record.  Memorandum from Davina Friedmann, Int'l Trade Specialist for AD/CVD Operations Office VI to The File, "Electronic U.S. Customs and Border Protection Data" (Dep't Commerce Aug. 3, 2020) ("Initial CBP Data").  This initial CBP data did not yield any entries of subject merchandise from Kingtom.  Memorandum from Moses Song, Program Manager for AD/CVD Operations Office VI to File {sic}, "Placement of 'Kingtom AFA Memorandum' on the Record," at 3 (Dep't Commerce Jan. 27, 2022) (on record of Case No. C-570-968) ("AFA Memorandum").

13.    On August 10, 2020, Kingtom submitted a certification that it did not have entries, exports or sales of subject merchandise during the period of review, and requested that Commerce rescind the administrative review of Kingtom.  Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Certification of No Sales, Shipments, or Entries" (Aug. 10, 2020) (on record of Case No. C-570-968) ("Kingtom's No-Shipment Certification").  At the time of Kingtom's No-Shipment Certification, there was no affirmative determination that Kingtom had transshipped any Chinese-origin aluminum extrusions to the United States.  Additionally, Kingtom's No-Shipment Certification was commensurate with the Initial CBP Data.

14.    On August 14, 2020, Kingtom voluntarily submitted the quantity and value of the aluminum extrusions that it produced in and exported from the Dominican Republic in the companion *antidumping* review.  Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Quantity and Value Questionnaire," Attachment 1 (Aug. 14, 2020) (on record of Case No. A-570-967) ("Kingtom's AD Q&V Response").  Importantly, Kingtom noted in its Q&V Response that it was reporting

merchandise that it "manufactured and exported from the Dominican Republic." *Id.* Also, Kingtom again expressly refuted "all allegations that its merchandise is subject merchandise from China," but noted that it "is providing the Department of Commerce with this {Q&V} information to ensure compliance to the best of its abilities" because it is an exporter and producer of aluminum extrusions "that may be subject to this antidumping duty order" as it is "currently subject to ongoing investigations by U.S. Customs and Border Protection regarding allegations of evasion." *Id.* at 2. At the time of Kingtom's AD Q&V Response, there had been no affirmative determination that Kingtom had transshipped any Chinese-origin aluminum extrusions to the United States.

15. On September 18, 2020, Kingtom voluntarily submitted the quantity and value of the aluminum extrusions that it produced in and exported from the Dominican Republic in response to Commerce's Q&V questionnaire in this countervailing duty review. Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Quantity and Value Questionnaire," Attachment 1 (Aug. 14, 2020) (on record of Case No. C-570-968) ("Kingtom's CVD Q&V Response"). The Q&V information that Kingtom reported covered all of Kingtom's sales to the United States, not just those subject to EAPA investigations. Like its AD Q&V Response, Kingtom noted in its CVD Q&V Response that it was reporting merchandise that it "manufactured and exported from the Dominican Republic," and that it refuted the allegations its merchandise is subject to the Orders; but also noted that it provided the Q&V information to ensure compliance to the best of its ability because, as a result of the EAPA investigation, its merchandise "may be subject to this antidumping duty order." *Id.* At the time of Kingtom's CVD Q&V Response, there had been no affirmative determination that Kingtom had shipped any subject merchandise or covered merchandise to the United States.

16. On October 26, 2020, Commerce selected Kingtom as the sole mandatory

respondent for the *antidumping* administrative review.  Memorandum from Mark Flessner, Int'l Trade Compliance Analyst for Antidumping and Countervailing Duty Operations Office VI to Dana S. Mermelstein, Director of Antidumping and Countervailing Duty Operations Office VI, "Aluminum Extrusions from the People's Republic of China 2019-2020 Administrative Review: Identification of Mandatory Respondent," at 4 (Dep't Commerce Oct. 26, 2020) (on record of Case No. A-570-967).  As of October 26, 2020, Commerce had not selected a mandatory respondent for the countervailing duty review.

17.     On November 2, 2020, CBP issued its initial "Determination as to Evasion" in EAPA Case No. 7348.  *See* Petitioner's Entry Information Comments at Exhibit 3.  CBP found that record evidence supported that Kingtom produces aluminum extrusions in the Dominican Republic.  *Id*. at Attachment 1 at 17.  In its determination, CBP cited absolutely no evidence that any aluminum extrusion that Kingtom exported originated in China – bills of lading, certificates of origin, purchase data, sales data, import data, or otherwise.  *Id.*  Rather, CBP found that differences between Kingtom's EAPA Case No. 7348 responses and the responses provided by the importers hindered CBP's ability to analyze Kingtom's operations.  *Id.*  Accordingly, CBP selected facts available with an adverse inference to determine that Kingtom transshipped commingled Chinese-origin aluminum extrusions to the United States, and thus found that the importers of its extrusions evaded duties.  *Id.*  The affirmative determination of evasion in EAPA Case No. 7348 was limited to the importers under investigation in that case, and no POR entries of Kingtom's aluminum extrusions by other importers.  *Id.* ("CBP determines that substantial evidence exists demonstrating that the aluminum extrusions entered by the Importers during the POI were transshipped Chinese-origin aluminum extrusions.")  Kingtom and the importers dispute the EAPA Case No. 7348 Determination as to Evasion and CBP's mischaracterization of the record

in that case.  *See* Brief of Plaintiff-Intervenor Kingtom Aluminio S.R.L. in Support of Motion for

Judgment on the Agency Record at 11-37; Brief of Plaintiffs, *Global Aluminum Distributor LLC*

*v. United States*, No. 21-00198 (Ct. Int'l Trade filed Feb. 14, 2022), currently before this Court.

*Id.*

18.     On November 9, 2020, Commerce issued an initial questionnaire to the

Government of China.  Letter from Erin Kearney, Program Manager for AD/CVD Operations

Office VI to the Government of the People's Republic of China, "2019 Administrative Review of

the Countervailing Duty Order on Aluminum Extrusions from the People's Republic of China:

Countervailing Duty Questionnaire," (Dep't Commerce Nov. 9, 2020) (on record of Case No. C-

570-968).  The initial questionnaire did not include any questions regarding Kingtom.  *Id.*

19.     Unlike the antidumping duty review, Commerce did not select Kingtom as a

mandatory respondent, or any other mandatory respondent, for review in this countervailing duty

review.  Commerce issued no questionnaires to Kingtom.

20.     On January 28, 2021, CBP issued its determination in EAPA Case No. 7423.

Again, CBP found that "evidence on the record shows that while it was possible for Kingtom to

produce aluminum extrusions in the Dominican Republic,"  Petitioner's Entry Information

Comments at Exhibit 1,  CBP based the EAPA Case No. 7423 determination on the prior EAPA

Case No. 7348 determination, and found that Kingtom transshipped commingled Chinese-origin

aluminum extrusions to the investigated importers.  *Id*.  Again, CBP cited no affirmative evidence

that Kingtom's aluminum extrusions were Chinese-origin.  *Id.*  The holding of EAPA Case No.

7423 is limited to the investigated importers, including Plaintiffs herein.  *Id.* ("CBP determines

that substantial evidence exists demonstrating that the aluminum extrusions entered by the

Importers during the POI were transshipped Chinese-origin aluminum extrusions.").

21.     On June 8, 2021, Kingtom requested that Commerce issue a scope ruling as to whether the aluminum extrusions that Kingtom produces in and exports from the Dominican Republic were subject to the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China.  *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967 and C-570-968: Kingtom Scope Ruling Request" (June 8, 2021).  In its scope ruling request, Kingtom submitted a complete certified list of its imports into the Dominican Republic free trade zone where it is located for the calendar years 2019 and 2020, which covered the period of review.  *Id.* at Exhibit 3.  The Dominican Republic customs authority compiled the list itself and certified its accuracy and completeness.  *Id.*  That customs data demonstrates that Kingtom did not import any aluminum extrusions from any other country, including China. *Id.* at 11, 15.  Importantly, Kingtom expressed its intention to Commerce that the scope inquiry should be conducted in conjunction with Commerce's administrative reviews, reconciled the data submitted in the scope request to its antidumping duty initial questionnaire response. *Id.* at 2, Exhibit 11.  At the time that Kingtom requested its scope inquiry, Commerce had issued initial questionnaires and requests for surrogate value information from Kingtom in the antidumping review; but had not requested any information from Kingtom in the countervailing duty review.

22.     On June 17, 2021, Commerce placed onto the record CBP information regarding entries of merchandise from Kingtom.  *See* Memorandum from Davina Friedmann, Senior Int'l Trade Analyst for AD/CVD Operations Office VI to The File, "2019 Countervailing Duty Administrative Review of Aluminum Extrusions from the People's Republic of China: Entry Information Related to Kingtom Aluminio SRL," (Dep't Commerce June 17, 2021) (on record of

Case No. C-570-968) ("CBP Entry Information").  Unlike the Initial CBP Data which was collected and released prior to the affirmative EAPA determinations, the CBP Entry Information revealed certain entries of allegedly covered merchandise during the period of review.  *Id.*

23.    On June 24, 2021, Kingtom submitted comments on the CBP Entry Information. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. C-570-968: Kingtom Comments on Entry Information" (June 24, 2021) ("Entry Information Comments").  In its Entry Information Comments, Kingtom argued that the aluminum extrusions, which are produced in the Dominican Republic, are outside the scope of the AD/CVD orders.  *Id.* at 3.  Kingtom also argued that the entry information does not preclude Commerce from examining the record – including explicitly Kingtom's scope request and certain documents in the CBP entry information – to render its own independent determination as to the country of origin of Kingtom's merchandise.  *Id.* at 4.

24.    Also in its Entry Information Comments, Kingtom submitted a public version of its scope request onto the record of the countervailing duty investigation.  *Id.* at Attachment 1.  The attached scope request referred Commerce to the certified import data that the Dominican Government provided and that demonstrated beyond doubt that Kingtom had not imported any Chinese origin aluminum extrusions during the period of review.  *Id.*  Kingtom explained:

> Kingtom has provided import data from Dominican Customs that demonstrates that it did not import any in-scope extrusions from China during the POR and thus could not have exported or commingled in-scope extrusions to the United States from the Dominican Republic.  This is a fundamental fact that undercuts any reliance on findings made by U.S. Customs and Border Protection ("CBP") that Kingtom commingled in-scope Chinese extrusions with its other exports of extrusions from the Dominican Republic.  As the agency with authority to determine the scope of AD/CVD orders, the Department should not turn a blind eye to this compelling evidence.  This evidence demonstrates that Kingtom's

extrusions are outside the scope of the Orders.

*Id.*  The scope request attached to Kingtom's entry comments also notified Commerce that Kingtom requested Commerce to conduct the scope inquiry in conjunction with its administrative reviews, *id.*, which until that point had exclusively focused on the antidumping proceeding.

25.     On July 30, 2021, Commerce determined that the EAPA determinations are "conclusive" as to Kingtom's entries "in the context of the administrative review."  *See* Memorandum from Mark Flessner, Case Analyst, to The File, "Administrated Review of the Countervailing Duty Order on Aluminum Extrusions from the People's Republic of China, 2019: Placement of Scope Initiation Deferral Letter on the Record" (Dep't Commerce July 30, 2021) (on record of Case No. C-570-968).  Therefore, Commerce "deferred initiation of th{e} scope inquiry until such time as there are entries not subject to the EAPA proceedings or until the parties to the EAPA proceedings have exhausted all other administrative and legal remedies."  *Id.*  Kingtom notes that it reported quantity and value information for export sales for all of its export sales to the United States during the period of review, including those to importers subject to EAPA investigations and other importers not subject to any EAPA proceeding.  *See* Kingtom's CVD Q&V Response at Attachment I.  In other words, Commerce deferred initiation of the scope inquiry despite the fact that Kingtom informed Commerce of entries of aluminum extrusions that it produced in the Dominican Republic that are not subject to any ongoing EAPA proceeding or appeal.  As of the date that Kingtom files this Complaint, Commerce has neither initiated the scope inquiry or ruled on the scope request.

26.     On August 6, 2021, Commerce published its *Preliminary Results*.  *Aluminum Extrusions from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review and Intent to Rescind, in Part; 2019*, 86 Fed. Reg. 43,173 (Dep't Commerce

Aug. 6, 2021) ("*Preliminary Results*") and accompanying Preliminary Decision Memorandum. Commerce faulted Kingtom for certifying that it had no shipments while it was subject to an EAPA investigation and for not appearing in Commerce's Initial CBP Data despite the fact that (1) at the time of Kingtom's no-shipments certification, CBP had rendered no final affirmative evasion determination, and (2) throughout the entirety of the 2019 period of review, Kingtom had no reason to declare its merchandise as subject to the orders because it had not yet been notified of any ongoing EAPA investigation. *See* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations to Christian Marsh, Acting Assistant Secretary for Enforcement and Compliance, "Decision Memorandum for the Preliminary Results of the 2019 Countervailing Duty Administrative Review and Intent to Rescind in Part: Aluminum Extrusions from the People's Republic of China," at 10-11 (Dep't Commerce July 30, 2021) ("Preliminary Decision Memorandum"). According to Commerce, Kingtom's representations to CBP and Commerce prevented Commerce from examining subsidization and gathering information necessary to determine a subsidy rate for Kingtom. Therefore, Commerce found that Kingtom impeded the proceeding and failed to cooperate to the best of its ability. *Id*. at 11. Based on adverse inferences, Commerce selected a 242.15 percent subsidy rate for Kingtom. *Preliminary Results*, 86 Fed. Reg. at 43,174. In its Preliminary Decision Memorandum, Commerce cited a proprietary memorandum to support its decision to apply adverse inferences to Kingtom, *id.* at 11 n.44, but at the time of the *Preliminary Results*, Commerce had not placed that memorandum onto the record.

27.     Kingtom submitted its case brief on September 7, 2021. Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. C-570-968, Kingtom Case Brief" (Sept. 7, 2021). In its case brief, Kingtom

12

argued that the "central issue" in this administrative review is whether Kingtom's exports were subject to the orders. *Id*. at 2. Kingtom noted that in other cases, Commerce determined it would be inappropriate to disregard submitted and verified data on the basis of a CBP EAPA finding, and explicitly determined that Commerce "is responsible for making its own independent factual findings on the basis of the administrative records of its own investigations." *Id.* at 4. Kingtom argued that the record demonstrates that Kingtom produces aluminum extrusions in the Dominican Republic, and explicitly referred Commerce to the scope inquiry that Kingtom submitted onto the record of this proceeding and that certifiably demonstrates "Kingtom never imported any aluminum extrusions from China and accordingly could not possibly have transshipped Chinese-origin aluminum extrusions during the period of review." *Id.* at 12. Kingtom argued that the public versions of the EAPA determinations, as placed on the record of this proceeding, provided Commerce *zero* affirmative evidence that any aluminum extrusion that entered during the period of review is Chinese-origin as the EAPA determinations themselves cited none. *Id.* at 14.

28.    Kingtom also argued that no reasonable mind could misconstrue Kingtom's actions as a failure to cooperate or an attempt to impede Commerce. *Id.* at 5. Kingtom argued that it had been forthcoming with Commerce in all of its submissions throughout this review about the EAPA investigations and the fact that the CBP may find some of Kingtom's merchandise to be covered merchandise. *Id.* at 5-7. In fact, upon first being notified of an EAPA investigation, Kingtom promptly informed Commerce of the fact that, as a result of the EAPA investigations, CBP may determine its merchandise is covered by the orders, and was one of the first parties to do so, even before Petitioner. *Id.* at 6-7; *see also* Kingtom's Request for Review at 2 n.2. Despite disagreeing with the EAPA allegation that its merchandise was covered merchandise, Kingtom nonetheless reported the quantity and value for *all* of its export sales to the United States during the period of

review, including those exports subject to EAPA proceedings and those that are not covered by any EAPA proceeding.  *Id.* at 6.  Kingtom also noted that it requested that Commerce conduct a scope inquiry in conjunction with its ongoing administrative reviews, and submitted a public version of that scope proceeding onto this administrative record.  *Id.* at 7.

29.     Further, Kingtom argued that if Commerce considered any of these submissions to be deficient, it was required to issue a supplemental questionnaire to Kingtom and permit Kingtom an opportunity to address the issue, 19 U.S.C. § 1677m(d), but no questionnaires were issued to Kingtom in the proceeding.  *Id.* at 8.  Kingtom also argued that it could not have "failed . . . to comply with a request for information from the administering authority," 19 U.S.C. § 1677e(b)(1), since Commerce did not request any information from, or issue any questionnaires to, Kingtom in the administrative review.  *Id.* at 9.  Kingtom also informed Commerce that it had not placed the "AFA Memorandum" onto the record of the administrative review and Kingtom therefore had no opportunity to respond issues it raised.  *Id.* at 5 n.19.

30.     Kingtom also argued that all relevant evidence relied upon by CBP as the basis for its EAPA determinations was redacted from the public versions of the determinations placed on the record of this review.  *Id*. at 10.  Accordingly, Kingtom argued that it had been provided no opportunity to respond to the evidence used against it.  *Id.*

31.     On November 30, 2021, Kingtom submitted a notification of supplemental authority to Commerce.  Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. C-570-968:  Notification of Supplemental Authority" (Nov. 30, 2021) (on file with Kingtom's counsel) ("Kingtom's Notice of Supplemental Authority").  Kingtom notified Commerce of a scope ruling in another case where Commerce found that certain

merchandise was outside the scope of the relevant orders despite concurrent ongoing EAPA investigations regarding the same product and manufacturer, similar to Kingtom's situation and scope request.  *Id.*  In that case, Commerce stated the following regarding the exclusivity of EAPA determinations and scope rulings:

> Regarding Hog Slat's concerns with evasion, we are not issuing a ruling regarding particular entries or particular product numbers or brands. Our ruling simply concludes that products made by casting cast iron into molds to form "one-piece" grating are out of scope. The question of whether particular entries meet that description is a matter determined by U.S. Customs and Border Protection (CBP).

Memorandum from Mark Hoadley Program Manager of Antidumping and Countervailing Duty Operations Office VII to Scott Fullerton, Associate Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, "Scope Ruling – Ductile Cast Iron Flooring for Pig Farrowing Crates – Antidumping and Countervailing Duty Orders on Steel Grating from the People's Republic of China" (Dep't Commerce May 13, 2021) (on record of Case Nos. C-570-948 and A-570-947 as Barcode 4121076-01).

32.    On January 26, 2021, Commerce issued a rejection memorandum rejecting Kingtom's Notice of Supplemental Authority from the *antidumping* proceeding record because Commerce determined it to contain untimely new factual information and argument.  However, in this countervailing duty administrative review, Commerce improperly removed Kingtom's Notice of Supplemental Authority from the record without publishing to this particular record any rejection memorandum regarding Kingtom's Notice of Supplemental Authority in this case.

33.    Four and a half months after Kingtom notified Commerce that the AFA Memorandum had not been placed onto the record and only three business days before the *Final Results*, Commerce placed the AFA Memorandum on the record at 5:00 pm on January 27, 2022. Memorandum from Moses Song, Program Manager for AD/CVD Operations Office VI to File

{sic}, "Placement of 'Kingtom AFA Memorandum' on the Record" (Dep't Commerce Jan. 27, 2022) (on record of Case No. C-570-968) ("AFA Memorandum"). In its AFA Memorandum, Commerce found that Kingtom "mislead CBP as to the appropriate classification of entries" and "knowingly" provided "false information through its no-shipment certification and Q&V submissions to Commerce at the respondent selection stage of this review," *id.* at 5-6, despite also acknowledging that the Initial CBP Data, like Kingtom's No-Shipment Certification, showed no entries of Kingtom's merchandise at the time of respondent selection. *Id.* at 3. Thus, Commerce determined that Kingtom impeded respondent selection by not accurately reporting its entries as type 3 to CBP, and accordingly, Kingtom failed to cooperate to the best of its ability. *Id.* at 6.

34.     On January 31, 2022, Kingtom timely submitted comments on the AFA Memorandum. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. C-570-968: Kingtom Response to Placement of AFA Memorandum on the Record" (Jan. 31, 2022) ("Kingtom AFA Comments"). Kingtom argued that the Initial CBP Data at respondent selection was commensurate with Kingtom's no-shipments certification and Q&V Response since the CBP data showed no entries of subject merchandise during the period of review. *Id.* at 3. As noted, at the time of respondent selection, Kingtom's No-shipment Certification, and Kingtom's Q&V Response, CBP had not yet issued any final affirmative determination that Kingtom's merchandise was covered by the Orders. *Id.* Kingtom also argued that Commerce's finding that it "misrepresented the true origin of its merchandise to CBP in the first place" was mistaken because CBP found that importers, not Kingtom, entered merchandise by false statement or omission and Kingtom had not provided the allegedly false entry information to CBP. *Id.* at 4. Moreover, Kingtom argued that it could not truthfully report, to either CBP or

Commerce, that it entered any Chinese-origin extrusions because it certifiably never imported into the Dominican Republic any aluminum extrusions from China – or any other third country – as certified by the Dominican Government. *Id.* at 5. Moreover, Kingtom argued that it had disclosed to Commerce the existence of the EAPA investigations and the fact that either Commerce or CBP may consider its merchandise to be covered by Orders, and that it reported its sales data to Commerce in an abundance of caution. *Id.* at 5.

35.     Further, Kingtom argued that Commerce's determination that Kingtom's conduct precluded it from selecting Kingtom as a mandatory respondent in this countervailing duty administrative review is belied by the fact that Commerce *selected* Kingtom as a mandatory respondent in the companion antidumping duty administrative review using nearly identical information. *Id.* at 6-7. Kingtom had submitted a no-shipment certification and a Q&V response in the antidumping duty review, just as it had in this review, and yet, in that case, Commerce was able to and actually did select Kingtom as a mandatory respondent. *Id.*

36.     Additionally, Kingtom argued that Commerce should not have deferred Kingtom's scope inquiry because the results of the inquiry would have validated Kingtom's submissions in this review and proven that Kingtom provided no false information at the respondent selection stage. *Id.* at 9. Kingtom argued that Commerce wrongly deferred Kingtom's scope inquiry which Commerce was statutorily required to initiate or rule thereon within forty-five days of the request pursuant to regulation.[1] Kingtom noted that it requested Commerce to conduct the scope inquiry in conjunction with this administrative review and placed the public version of its scope request onto the record of this review. *Id.*

37.     Commerce published its *Final Results* on February 9, 2022. *Aluminum Extrusions*

---

[1] Kingtom noted that 19 C.F.R. § 351.225 has since been amended.

*from the People's Republic of China: Final Results of Countervailing Duty Administrative Review and Rescission of Review, in Part; 2019*, 87. Fed. Reg. 7423 (Dep't Commerce Feb. 9, 2022) and accompanying Issues and Decision Memorandum.  Commerce continued to find that Kingtom failed to cooperate to the best of its ability and selected a subsidy rate of 242.56 percent using adverse inferences.  *Id.* at 7424.  Commerce determined that Kingtom's no-shipment certification and Q&V Response in this case precluded Commerce from selecting Kingtom as a respondent. *See* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations to Lisa Wang, Assistant Secretary for Enforcement and Compliance, "Aluminum Extrusions from the People's Republic of China: Issues and Decision Memorandum for Final Results of Countervailing Duty Administrative Review, 2019" (Dep't Commerce Feb. 2, 2022) ("Issues and Decision Memorandum").  Commerce also claimed that it did not need to consider the data that Kingtom provided in the scope inquiry because it was a separate proceeding that Commerce deferred and such information is more appropriately examined when a respondent is selected for individual examination.  *Id.* at 22.

38.    On February 8, 2022, since Commerce continued to find that its aluminum extrusions are within the scope of the Orders, Kingtom requested that Commerce implement a certification procedure pursuant to 19 C.F.R. § 351.228, whereby Kingtom and its customers like Plaintiffs herein may continue to prospectively import aluminum extrusions that it produces in and exports from the Dominican Republic without prohibitive antidumping and countervailing duty cash deposits, similar to those that Commerce routinely grants in anti-circumvention proceedings. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. C-570-968: Request for the Implementation of Certification Procedures" (Feb.

8, 2022) (on record with Kingtom's counsel) ("Kingtom Certification Request"); *see also*, *e.g.*, *Certain Cold-Rolled Steel Flat Products From the Republic of Korea: Affirmative Final Determinations of Circumvention of the Antidumping Duty and Countervailing Duty Orders* 84 Fed. Reg. 70,934, 70,936 (Dep't Commerce Dec. 26, 2019).  Kingtom submitted that a certification procedure is appropriate here because the facts of this case, including the EAPA determinations that Commerce selected as facts available, indisputably demonstrate that Kingtom produces at least some aluminum extrusions in, and exports them from, the Dominican Republic.  Kingtom Certification Request at 2-3; Petitioner's Entry Information Comments at Exhibit 1, Exhibit 3 ("Evidence on the record shows that Kingtom was able to produce aluminum extrusions in the Dominican Republic.").  Kingtom also explained that its business is overwhelmingly in the United States and that the combined antidumping and countervailing duties threaten Kingtom's solvency. Kingtom Certification Request at 4-5.

39.     On February 24, 2022, Commerce rejected Kingtom's Certification Request as an untimely submission.  *See* Letter from Moses Y. Song, Program Manager for AD/CVD Operations Office VI to Kingtom Aluminio SRL, "Administrative Review of the Countervailing Duty Order on Aluminum Extrusions from the People's Republic of China, 2019: Rejection of Submission" (Dep't Commerce Feb. 24, 2022) (on record of Case No. C-570-968).

40.     On February 28, 2022, Kingtom resubmitted its Certification Request onto the record of the scope proceeding.  Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967 and C-570-968: Request for Certification Procedure Implementation," (Feb. 24, 2022) (on record with Kingtom's counsel).  Kingtom noted that its Certification Request informed Commerce that there are entries of Kingtom's aluminum

extrusions not covered by any EAPA investigation.  Kingtom Certification Request at 3; *see also* Kingtom's CVD Q&V Response at Attachment I.

41.    On March 3, 2022, Commerce deferred consideration of Kingtom's Certification Request "until such time as there are entries not subject to EAPA proceedings or until the parties to the EAPA proceedings have exhausted all other administrative and legal remedies." Memorandum from Mark Flessner, Int'l Trade Compliance Analyst for AD/CVD Operations Office VI to The File, "Aluminum Extrusions from the People's Republic of China: Request for Certification Process" (Dep't Commerce March 3, 2022) (on record of Case No. C-570-968).

## STATEMENT OF CLAIMS

42.    Commerce's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law in the following respects:

### Count One

43.    Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44.    Commerce's determination to use facts available pursuant to 19 U.S.C. § 1677e(a) is unsupported by substantial evidence and otherwise not in accordance with law.

### Count Two

45.    Paragraphs 1 through 44 are incorporated by reference as if fully set forth herein.

46.    Commerce's determination to use adverse inferences pursuant to 19 U.S.C. § 1677e(b) in selecting from the facts available is unsupported by substantial evidence and otherwise not in accordance with law.

### Count Three

47.    Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

48.    Commerce's determination that the aluminum extrusions that Kingtom exported to

the United States are subject to the countervailing duty order on aluminum extrusions from the People's Republic of China is unsupported by substantial evidence and otherwise not in accordance with law.

## Count Four

49.    Paragraphs 1 through 48 are incorporated by reference as if fully set forth herein.

50.    Commerce's determination that Kingtom had shipments of subject merchandise, based almost exclusively on the redacted versions of EAPA investigation determinations put on the record of this review, is a violation of due process.  Neither Kingtom nor Kingtom's counsel were able to confront the evidence in its entirety, as critical data and other information upon which the EAPA determinations were based has been redacted from the public EAPA determinations.

## Count Five

51.    Paragraphs 1 through 50 are incorporated by reference as if fully set forth herein.

52.    Commerce's determination not to conduct the scope inquiry regarding Kingtom's aluminum extrusions in conjunction with this administrative review is unsupported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law.

## Count Six

53.    Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

54.    The Department's determination to defer the scope inquiry as to Kingtom's aluminum extrusions is unsupported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law.

55.    Additionally, Commerce's deferral of Kingtom's scope inquiry constitutes "agency action unlawfully withheld or unreasonably delayed" that the Court should compel pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1).

## Count Seven

56.   Paragraphs 1 through 55 are incorporated by reference as if fully set forth herein.

57.   Commerce's determinations to reject and defer Kingtom's Certification Requests are unsupported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law.

## PRAYER FOR RELIEF

58.   For the foregoing reasons, Plaintiffs respectfully request that this Court hold Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law.  Plaintiffs thus respectfully request that this Court remand the *Final Results* to Commerce to correct the errors set forth in this Complaint and provide other such relief as this Court deems appropriate.

 Respectfully Submitted,

/s/ Beth C. Ring
Beth C. Ring, Esq.
**SANDLER TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805-06
New York, NY 10017
Tel: (212) 549-0133
Email: bring@strtrade.com

*Attorney for Plaintiffs Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas, J.M., Inc.*

Dated: April 8, 2022